# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SOMASUNDARAN KUMARAN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:18-CV-00324** |
| | § | |
| **ALBERT SANDIFER AND** | § | |
| **BRYCE TRANSPORT, INC.** | § | |

**DEFENDANTS' NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
<u>**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Charles Sandifer and Bryce Transport, Inc., the defendants in the above-captioned cause, and file copies of all pleadings asserting causes of action, all answers to such pleadings, and copies of all processes and orders served upon the defendants, as required by 28 U.S.C. § 1446(a) and Local Rule CV-81(c)(2).

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/7/2018 10:58 AM
JAMIE SMITH
DISTRICT CLERK
E-201883

CAUSE NO. _____

| | | |
|---|---|---|
| Somasundaran Kumaran | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| Albert Sandifer and Bryce Transport, Inc. | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## Original Petition

Plaintiff Somasundaran Kumaran complains of Albert Sandifer and Bryce Transport, Inc. and would respectfully show the Court the following:

### I.

### Nature of Action

1.    Plaintiff suffered injuries as a result of being struck by Defendant's vehicle.

### II.

### Discovery Level

2.    Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### III.

### Jurisdiction and Venue

3.    The claims asserted arise under the common law of Texas.

4.    Venue is proper because the incident occurred in this County.

5.    Plaintiff seeks in excess of $1,000,000.00.

## IV.

### Parties

6.    Plaintiff is a resident of Harris County, Texas.

7.    Defendant Albert Sandifer may be served at 21 E. Street, Miden, Louisiana 71005.

8.    Defendant Bryce Transport, Inc. is a Louisiana company that may be served through its registered agent Kary Bryce at 151 Blazer, Drive, Sibley, Louisiana 71073.

## V.

### Facts

9.    On or about August 9, 2017, Plaintiff suffered severe and debilitating injuries as a result of Defendant's negligence.  Sandifer was driving for Bryce Transport on the date in question and was cited for the incident.  Specifically, Defendant changed lanes when unsafe and collided with Plaintiff. As a result of the collision, Plaintiff suffered severe injuries to his neck, back, and other parts of his body.

## VI.

### Causes of Action

*A.    Negligence.*

10.    Plaintiffs repeat and reallege each allegation contained above.

11.    Plaintiffs sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to control his vehicle's speed;
- Failed to operate his vehicle safely;

- Failed to keep a proper lookout;

- Failed to maintain a safe distance; and

- Other acts so deemed negligent or grossly negligent.

12.   As a result of Defendant's negligence, Plaintiff suffered severe physical injury.

Plaintiff is entitled to recover for his injuries.

### B.   *Negligent Hiring.*

13.   Plaintiffs repeat and reallege each allegation contained above.

14.   Plaintiffs sustained injuries as a result of Defendant's negligent hiring because

of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Sandifer as a potential employee.

- Failure to properly follow up on information not provided by Mr. Sandifer in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Sandifer's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Mr. Sandifer.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### C.   *Negligent Training.*

15.   Plaintiffs repeat and reallege each allegation contained above.

16.   Plaintiffs sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Mr. Sandifer.

- Failure to provide the necessary training to Mr. Sandifer regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Sandifer, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.   Negligent Supervision, Retention, and Monitoring.**

17.   Plaintiffs repeat and reallege each allegation contained above.

18.   Plaintiffs sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Sandifer to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Sandifer to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees,

- Past and future loss of earnings;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Exemplary damages;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Costs of court;

- Such other and further relief as the Court may deem just and proper.

IV.

### Jury Trial Demanded

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

**PIERCE SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____

M. PAUL SKRABANEK
State Bar No. 24063005
MICHAEL E. PIERCE
State Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail:  service@psbfirm.com
        paul@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| Somasundaran Kumaran | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| Albert Sandifer and Bryce Transport, Inc. | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

**First Set of Interrogatories, Requests for Production, Requests for Admission, and**
**Requests for Disclosure to Defendants**

*TO:   Albert Sandifer may be served at 21 E. Street, Miden, Louisiana 71005.*

*TO:   Bryce Transport, Inc. is a Louisiana company that may be served through its*
*registered agent Kary Bryce at 151 Blazer, Drive, Sibley, Louisiana 71073.*

Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant

respond to Plaintiff's interrogatories, requests for disclosure, requests for admissions, and

produce for inspection and copying the documents and tangible things requested. Defendant

shall file written responses to these requests within fifty (50) days after the date of service.

Defendant shall provide the requested documents for inspection and copying at the law

offices of Pierce Skrabanek, PLLC, 3701 Kirby Drive, Suite 760, Houston, Texas 77098.

1

I.

**INSTRUCTIONS AND DEFINITIONS**

1. When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2. All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged. If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3. All responses must be made separately and fully. An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4. Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5. The TEXAS RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence: (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6. If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

      (i)    A short statement identifying each privilege involving the basis therefore;

      (ii)   The facts upon which you relied to support the claim of privilege;

2

 (iii) A description of all documents for which such privilege is claimed, including:

  a. the type of document;
  b. a brief statement of the document's general topic matter;
  c. the date of the document;
  d. author(s) and their title(s) and position(s); and
  e. the identity of all persons to whom any contents of the documents have been disclosed.

 (iv) A description of all conversations for which such privilege is claimed, including:

  a. the date of the conversation;
  b. a brief statement describing the _general_ topic of the conversation;
  c. the persons participating in the conversation; and
  d. the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7. As required by the TEXAS RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8. "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys,

transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.  The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.     A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

Electronic Data Directive:  Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.     "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.    "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.    "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.    "Person" shall mean all-natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.    "Identify" or "identification" shall mean:

4

(a)   With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

(b)   With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)   With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)   With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)   When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)   When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe

5

tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)    When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties; your status as either plaintiff, Defendants, intervenor, impleader, interpleader, or third-party plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.    "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended Petitions subsequently filed in this lawsuit.

15.    "You," "Your," Defendant" or "Defendants" means Albert Sandifer and Bryce Transport, Inc., and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney.  Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16.    "Accident" or "subject accident" shall refer to the crash on or about July 15, 2016, in Sutton County, Texas, which forms the basis of this lawsuit.

17.    "Plaintiff" shall mean Somasundaran Kumaran.

18.    "Trip" shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

19.    "Vehicle" or "Your Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the 18-wheeler truck being operated by Matthew Taylor at the time the accident occurred.

## II.

### Interrogatories

1.  If you have not been correctly named or served in or by the Plaintiff's Original Petition, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiff's Original Petition.

2.  Did you have permission or authorization to operate said vehicle at the time and place of the underlying accident?

3.  If you were disciplined, e.g., fired, suspended or reprimanded, because of the incident, state what action was taken, and when.

4.  In reference to the trip underway at the time or just prior to the underlying accident, please identify:

    a.  where the trip originated;

    b.  whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

    c.  the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident;

    d.  the final destination for the trip; and

    a.  any contracts signed or entered into pertaining to the trip.

5.  Were any drug or alcohol tests (blood, urine, hair, or other) performed on you, at any time during the 32 hours immediately following the subject collision? If so, state the results of all such tests and the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests and appropriate chain of custody forms.

6.  When was the last time you consumed any alcohol, prescription medication, or over the counter medication prior to this accident? For any such consumption, please state:

    a.  whether it was alcohol, prescription medication, or over the counter medication;

    b.  how much was consumed; and

       c.     if it was prescription medication, what the medication is prescribed for;

7.    Have you ever been prescribed contact lenses and/or glasses?  If so, please state:

       a.     whether this information is listed on your driver's license;

       b.     whether you are required to wear contact lenses and/or glasses by the State of Louisiana;

       c.     what prescription of contact lenses and/or glasses you were prescribed;

       d.     were you wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit; and

       e.     if you were wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit, what was the prescription of those contact lenses and/or glasses.

8.    State each time that you have either pled guilty to or convicted of a criminal offense.  For each offense, provide the date of the offense, the date of guilty plea or conviction, the charge you pled guilty to or were convicted of, the punishment imposed, and the city, county and state where the charges were filed.

9.    State each time you have received a traffic citation.  For each citation, provide the city, county and state where the citation was received, the date of the citation, the offense you were cited for, the resolution of the citation (plea or adjudication), and the fine or sentence imposed.

10.    Describe each automobile accident you have been involved in.  For each accident, provide the date of the accident, the city, county and state where the accident occurred, whether police prepared a report regarding the accident, whether you received a citation in connection with the accident, whether anyone including you was injured in the accident, and the approximate amount of property damage that resulted from the accident.

11.    State each time that your driver's license has been suspended or revoked and provide the reason for the suspension or revocation.

12.    Have you ever been licensed to operate a motor vehicle in any state other than Louisiana?  If your answer is yes, provide the state, when the license was issued, the license number, whether the license was ever suspended or revoked, the reason for suspension or revocation of the license, and whether the license is still active.

13.    Provide the telephone number service provider, and name of the person or entity billed for each cell phone you used for a period of three months before and three months after the date of the accident which forms the basis of this lawsuit.

8

14. Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

15. If you contend that Plaintiff was contributorily negligent, provide all facts, which support your contention.

16. If you contend that the mechanical condition of the vehicle you were driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

### III.

### Requests for Production

1. Copy of DDEC reports for the Defendant driver for a period of one year prior to the incident in question.

2. Copy of postings and webpages from any social networking site including but not limited to Facebook, MySpace, Instagram, etc. for Defendant driver from one month prior to the incident in question until six months after the incident in question.

3. Copy of XATA Systems reports for Defendant driver for a period of one year prior to the incident in question.

4. Copy of Qualcomm's SensorTRACS reports for Defendant driver for the period of one year prior to the incident in question.

5. Copies of the Defendant Driver's MVR records for the past three years gathered from the requisite state agency under 49 C.F.R. § 391.23(a)(1).

6. Copies of police reports for any other vehicular collisions or incidents in which the Defendant driver was involved.

7. Copies of pickup and delivery timesheets or invoices for the Defendant Driver for the period of one year prior to the incident in question.

8. Copy of Defendants DOT performance reviews for the past five years.

9. Copy of Defendant's application for Motor Carrier Authority, including OP-1 form.

10. Copy of any roadside inspection reports for Defendant Driver for the past three years.

11. Copy of Defendant Driver's cell phone bill for one month preceding the incident and for the date of the incident.  This should list calls received, dates, and times.

12. Produce copies of all trip and/or operational documents pertaining to the movement of cargo by Driver for the trip during which the accident occurred.

13. Copy of the citation the Defendant Driver received in connection with the incident in question.

14. Documents detailing what load Defendant Driver was transporting immediately prior to the incident in question.

10

15.  Documents detailing how the citation Defendant Driver received as a result of the incident in question was resolved.

16.  If Defendant Company is going to contend that Defendant Driver was not in the course and scope of his employment at the time of the incident, provide documents to support such an assertion.

17.  Produce copies of all written instructions, orders, or advice given to Defendant Driver in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Defendant(s) or any other persons or organizations for the trip during which the accident occurred.

18.  Produce copies of all dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form for the trip during which the accident occurred.  This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of Driver.

19.  Produce copies of all checks or otherwise described negotiable instruments issued to Driver or his co-driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of the Defendant(s) and concerning the trip during which the underlying accident occurred.  Specifically, copies of both the "front and back" of each check and/or comchek issued to Driver, or any of his co-drivers is requested.

20.  Produce copies of any and all other "occupational or trip related documents" created or received by Defendant(s) or any other persons or organizations, regardless of form or description and not defined herein, in the possession of the Defendant(s) and relative to the operations, activities, movements, cargo and trips accomplished by Driver.

21.  Produce copies of the Driver Qualification File (or files) maintained by Defendant(s) on Driver.

22.  Produce copies of all pre-employment questionnaires and other documents secured from Driver prior to employment with Defendant(s).

23.  Produce copies of all applications for employment secured both before and/or after the actual date of contract or employment of Driver.

24.  Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents relative to Driver.

11

25.  Produce copies of all actual driver's road tests administered to Driver.

26.  Produce copies of all actual driver's written tests administered to Driver.

27.  Produce all training notes, certificates and attendance lists relative to Driver, regardless of the date issued or the originator of such certificates.

28.  Produce copies of all past employment inquiries sent to and/or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant(s) from past employers of Driver.

29.  Produce copies of all inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by the Defendant(s), or other organizations on behalf of Defendant(s), from state or federal governmental agencies relative to Driver's traffic and accident record.

30.  Produce copies of all road and/or written test cards, medical cards, certification of driver qualification cards and any other motor carrier transportation related cards in the possession of the Defendant(s) regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Driver or his co-driver(s) presently in their personal possession.

31.  Produce copies of all annual reviews, file reviews, and/or file summaries and related documents found in the driver qualification file of Driver.

32.  Produce copies of all documents relating to any drug and/or alcohol testing of Driver.

33.  Produce copies of any and all other contents of Driver's Driver Qualification File, regardless of subject, form, purpose, originator, receiver, title, or description.

34.  Produce copies of the Driver Personnel File and/or any otherwise titled files on Driver or in reference to Driver's services, from initial contract or employment with Defendant(s) to the present date.

35.  Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to Driver.

36.  Produce copies of all prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents, or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to Driver.

12

37. Produce copies of all law enforcement agencies, audits and/or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of the Defendant's file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by Driver, or any of his co-driver(s).

38. Produce copies of any and all other documents found in such a file, as identified Request Number 26, regardless of description, title, form, origin, or subject, maintained by the Defendant(s) in reference to Driver.

39. Produce copies of driver compliance inspections or warnings and traffic citations issued in reference to the activities of Driver, his co-driver(s), or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of the Defendant(s).

40. Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

41. Produce copies of any and all other accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

42. Produce copies of all time cards, time worked records or otherwise described work time records created by Driver for the period from one year prior to the date of accident to and including the date of accident.

43. Produce copies of any and all of Defendant's notices, directives, bulletins, publications, and manuals of any type or otherwise described written instructions which pertain to the day-to-day commercial truck fleet operating and safety procedures to be followed by company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery or motor fleet safety in existence and which Defendant(s) had in effect within one year of the underlying accident.

44. Produce copies of each and every insurance policy and/or agreement which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant(s) for payments made to satisfy such a judgment. This Request specifically refers to all coverage available to Defendant(s) and/or

thought or believed to be available and in force when this accident occurred indicating Defendant(s) as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

45.   Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

46.   Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiffs' damages or injuries suffered by Plaintiffs.

47.   Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

48.   Produce copies of any statements given to Defendant(s) by Plaintiffs or statements given by and otherwise obtained by Defendant(s) from Plaintiffs.

49.   Produce copies of any and all investigation and/or accident reports in Defendant's possession excluding documents which constitute communications between agents or representatives of Defendant(s) that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

50.   Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

51.   Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

52.   Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

53.   Produce any photographs or videotapes of Plaintiff.

54.   Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant(s) and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

55.   Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

14

56.     Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

57.     Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

58.     Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

59.     Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

60.     Produce copies of any and all indemnity agreements between any of the parties to this case.

61.     Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

62.     Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

63.     Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

64.     Produce a copy of the title to the vehicle Driver was driving at the time of the accident.

65.     Produce copies of any and all photographs Defendant(s) has of the vehicles involved in this accident and any and all photographs of the scene.

66.     Produce copies of any and all contracts and agreements between this Defendant(s) and any other Defendant and/or third party pertaining to work being performed or furthered at the time of the accident.

67.     Produce copies of any and all training materials or other documents concerning driving safety Defendant(s) distributed to employees or agents from the time Driver was hired through the present.

68.     Produce copies of all ownership and registration papers pertaining to the Truck.

15

69.   Produce a copy of both sides of Driver's current driver's license(s).

70.   Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

71.   Produce a true and correct listing of all motor vehicles owned by this Defendant(s) from and including the time of the accident made the basis of this suit to the present. Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

72.   Produce copies of any and all tickets or citations received by Defendant(s) or Driver as a result of this incident.

73.   Produce copies of any and all records obtained by Defendant(s) pertaining to Plaintiffs.

74.   Produce the vehicle and all trailers and cargo carried by your vehicle at the time of the underlying accident for inspection.

75.   Produce all documents and communications generated as the result of a review, and/or in preparation for a review, of your operation by any federal, state, or other similarly situated entity during the last five years.

76.   Produce all inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

77.   Produce all inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

78.   Produce a copy of any and all accident registers or master ledgers of accidents which you maintain. Plaintiffs seek all such registers for the five years immediately prior to this subject collision through and including the date of said subject collision.

79.   Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, Qualcom data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the subject collision through and including 10 days after the subject collision.

16

80.    Produce all policies and procedures for testing your drivers for drug and/or alcohol use.

81.    Produce all records, logs, ledgers, documents, and/or other materials regarding, pertaining to, or mentioning Driver or Plaintiffs.

82.    Produce the results of any drug test performed on Driver within the 32 hours immediately following the incident made the basis of this lawsuit.

83.    Produce the results of any alcohol test performed on Driver within the eight hours immediately following the incident made the basis of this lawsuit.

84.    Produce a copy of Defendant's drug/alcohol policy and any other policy, however named, regulating the use of drugs (prescription and non-prescription), alcohol and/or other controlled substance that could impair driving ability.

85.    Produce copies of any and all accident or incident files and records in Defendant's possession concerning any and all other vehicular accidents in which Defendant(s), its agents, employees, contractors or subcontractors have been involved and in which it was alleged that personal injury and/or death resulted. This request is limited to accidents which occurred during the course and scope of employment with Defendant(s) or in furtherance of Defendant's interests.

86.    Produce any and all on-board and remote recording devices that are meant to track any data, movement, or other similarly identified information generated by the truck involved in the underlying accident. This request includes, but is not limited to, hubometer, tripmaster, Cadec, Qualcom, engine computer trip/data reports or similar device.

87.    Produce all incident/investigation reports created by Defendant(s) or a third party working for Defendant(s) relating to this incident.

88.    Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

89.    Produce all policies and procedures in place for investigations of accidents involving your vehicles.

90.    Produce all documents in your possession regarding any wireless satellite-based mobile communications systems present in the tractor or trailer involved in the incident underlying this lawsuit, especially documents reflecting any and all data transmissions (and the content thereof) made or received and occurring within a period of six hours before and after the incident in question.

17

91.   For the period of one week before and after the incident made the basis of this lawsuit, product all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the tractor or trailers involved in the incident made the basis of this lawsuit?  In the alternative, provide sufficient information for Plaintiffs to subpoena this information from the relevant cellular wireless service provider.

18

IV.

**Requests for Admission**

1.  Admit that Defendant Company has been properly named in Plaintiff's most recently filed Petition/Complaint.

2.  Admit that Defendant Company has not been properly named in Plaintiff's most recently filed Petition/Complaint.

3.  Admit that Defendant Driver has been properly named in Plaintiff's most recently filed Petition/Complaint.

4.  Admit that Defendant Driver has not been properly named in Plaintiff's most recently filed Petition/Complaint.

5.  Admit Defendant Driver received a citation resulting from the incident in question.

6.  Admit Defendant Driver did not receive a citation resulting from the incident in question.

7.  Admit Defendant Driver paid for the citation he received as a result of the incident in question.

8.  Admit Defendant Driver did not pay for the citation he received as a result of the incident in question.

9.  Admit Defendant Company paid for the citation Defendant Driver received as a result of the incident in question.

10. Admit Defendant Company did not pay for the citation Defendant Driver received as a result of the incident in question.

11. Admit that venue is proper.

12. Admit that venue is improper.

13. Admit that personal jurisdiction exists over Defendant Driver.

14. Admit that personal jurisdiction does not exist over Defendant Driver.

15. Admit that personal jurisdiction exists over Defendant Company.

16. Admit that personal jurisdiction does not exist over Defendant Company.

19

17. Admit that this is a convenient forum.

18. Admit that this is an inconvenient forum

19. Admit Defendant Company trains drivers handle distractions while operating company vehicles.

20. Admit Defendant Company does not train drivers to handle distractions while operating company vehicles.

21. Admit Defendant Driver failed to control his speed immediately prior to the incident in question.

22. Admit Defendant Driver did not fail to control his speed immediately prior to the incident in question.

23. Admit the investigating officer conducted an adequate investigation of the incident in question.

24. Admit the investigating officer did not conduct an adequate investigation of the incident in question.

25. Admit you did not challenge the citation issued to Defendant Driver by the investigating officer.

26. Admit you did challenge the citation issued to Defendant Driver by the investigating officer.

27. Admit Defendant Driver was in the course and scope of his employment with Defendant Company during the incident in question.

28. Admit Defendant Driver was not in the course and scope of his employment with Defendant Company during the incident in question.

29. Admit Defendant Driver was negligent in failing to control his speed prior to the incident in question.

30. Admit Defendant Driver was not negligent in failing to control his speed prior to the incident in question.

31. Admit the brakes on Defendant Driver's vehicle were faulty on the date in question.

32. Admit the brakes on Defendant Driver's vehicle were not faulty on the date in question.

20

33. Admit Defendant Driver was negligent in causing the collision with Plaintiffs.

34. Admit Defendant Driver was not negligent in causing the collision with Plaintiffs.

V.

## Request of Disclosure

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, request that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. The answers shall be returned to Plaintiff's attorney, Paul Skrabanek at 3701 Kirby Drive, Suite 760, Houston, Texas 77098. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a)   The correct names of the parties to the lawsuit;

(b)   The name, address, and telephone number of any potential parties;

(c)   The legal theories and, in general, the factual basis of your claims or defenses;

(d)   The amount and any method of calculating economic damages;

(e)   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)   For any testifying expert

    (1)   The expert's name, address, and telephone number;

    (2)   The subject matter on which the expert will testify;

    (3)   The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)   If the expert is retained by you, employed by you, or otherwise subject to your control:

22

        (A)    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**PIERCE SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____

M. PAUL SKRABANEK
State Bar No. 24063005
MICHAEL E. PIERCE
State Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email: service@psbfirm.com
paul@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**

23

24

## CAUSE NO. E-0201883

| | | |
|---|---|---|
| SOMASUNDARAN KUMARAN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| ALBERT SANDIFER AND | § | |
| BRYCE TRANSPORT, INC. | § | 172ND JUDICIAL DISTRICT |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Charles Sandifer and Bryce Transport, Inc., the defendants in the above entitled and numbered cause, and file this their original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendants hereby generally deny the allegations contained in plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert their privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendants notify all parties to this lawsuit of the defendants' intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendants specifically reserve the right to amend their answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims they may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendants, Charles Sandifer and Bryce Transport, Inc., move and pray the Court that upon trial hereof, the plaintiff recover nothing, and that defendants go hence with their costs, and for such other and further relief, both general and special, legal and equitable, to which the defendants may show themselves justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Monica L. Wilkins
State Bar No. 24043968
mwilkins@obt.com

ATTORNEYS FOR DEFENDANTS,
CHARLES SANDIFER AND BRYCE
TRANSPORT, INC.

## CERTIFICATE OF SERVICE

I do hereby certify that on the 9th day of July, 2018, I electronically filed the foregoing with the Jefferson County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins